## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMANDA BROWN MILES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7127** |
| **COMMISSION OF SOCIAL SECURITY** | **SECTION: "R"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Amanda Brown Miles, filed this lawsuit seeking judicial review of a final decision of the Commissioner of the Social Security Administration under to 42 U.S.C. § 405(g).[1] Defendant, Martin O'Malley, Commission of Social Security, has filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).[2] For the reasons below, the undersigned recommends that Defendant's motion be granted and that a judgment be entered reversing and remanding under fourth sentence of 42 U.S.C. §405(g) to the Commissioner of Social Security for the purpose of conducting further proceedings

### I. Background

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act.[3] On March 22, 2021, Plaintiff filed an application for disability

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 14.
[3] Rec. Doc. 1; Rec. Doc. 10.

1

insurance benefits.[4] Her application was denied at the initial level as well as on reconsideration.[5] Plaintiff filed a request for hearing by an Administrative Law Judge (ALJ).[6] After a hearing, the ALJ issued a decision on April 26, 2023.[7] Plaintiff filed a request for review with Social Security's Appeals Council, which denied the action on September 29, 2023.[8]

Plaintiff filed a Complaint[9] on November 30, 2023. Defendant answered[10] on February 15, 2024. Plaintiff filed a Brief/Motion for Summary Judgment arguing that the Commissioner erroneously relied on vocational expert testimony and that the Commissioner's residual functional capacity finding was unsupported by substantial evidence.[11]

Rather than respond, Defendant filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of Section 405(g) of the Social Security Act to allow the Commissioner to conduct further proceedings.[12] Plaintiff consents to the Motion and the requested remand.[13]

---

[4] Rec. Doc. 10 at 1.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 1-2.
[9] Rec. Doc. 1
[10] Rec. Doc. 6.
[11] Rec. Doc. 10 at 5.
[12] Rec. Doc. 14.
[13] *Id.* at 3-4.

## II. Applicable Law and Analysis

42 U.S.C. § 405(g) permits only two types of remand: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence." *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The fourth sentence of § 405(g) "authorizes a court to enter a 'judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.'" *Id.* The sixth sentence of § 405(g) allows a court to remand "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* Defendant seeks remand under sentence four of § 405(g).

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of § 405(g) when the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary. See 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (stating that a district court remanding a case under sentence four of § 405(g) must enter judgment "affirming, modifying, or reversing" the Commissioner's decision); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (stating that sentence four of § 405(g) provides the appropriate relief when the evidence on record does not support the Commissioner's conclusion and further fact-finding is necessary). A sentence four remand requires the district Court to enter a decision on the merits before remanding the case to the Commissioner. *Melkonyan*, 501 U.S. at 98.

Defendant requests a remand under sentence four of § 405(g) so that the Commissioner may conduct further proceedings.[14] Because a sentence four remand requires the court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner" Defendant also requests the entry of a judgment reversing the ALJ's decision.[15] Accordingly, good cause exists to support reversal of the decision and to remand this case for further proceedings.

### III. Recommendation

Having reviewed the record, the parties' submissions, and the applicable law,

It is therefore **RECOMMENDED** that the Defendant's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of Section 405(g) of the Social Security Act (Rec. Doc. 14), be GRANTED, and judgment be entered REVERSING the ALJ's decision and REMANDING the case for further administrative proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §

---

[14] Rec. Doc. 14 at 1.
[15] *Id.* at 3.

636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 10th day of May, 2024.

                                        **EVA J. DOSSIER**
                              **UNITED STATES MAGISTRATE JUDGE**